UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DENNIS A. FORBES, <br>     Petitioner, <br><br> v. <br><br> GREGORY KIZZIAH, Warden, <br>     Respondent. | No. 7:18-CV-108-REW <br><br><br> OPINION AND ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

Dennis A. Forbes is an inmate at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Forbes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a deportation order entered against him and a resulting immigration detainer. DE #1. Because Forbes paid the filing fee in this case (*see* DE #5), his petition is now before this Court on initial screening pursuant to § 2243. For the reasons that follow, the Court denies Forbes's petition.

In late 2000 and early 2001, Forbes was convicted of one count of being a felon in possession of a firearm or ammunition, one count of conspiracy to distribute and possess with the intent to distribute marijuana and 50 grams or more of cocaine base, and one count of employing a person under 18 years of age in a drug trafficking conspiracy. *See United States v. Forbes*, Nos. 6:99-cr-6084, 6:99-cr-6089 (W.D.N.Y. 2001). The district court sentenced Forbes to life in prison, and the United States Court of Appeals for the Second Circuit affirmed. *See Forbes*, No. 6:99-cr-6089 at DE #160, #162. Forbes's numerous efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 and to reduce his sentence pursuant to 18 U.S.C. § 3582 were unsuccessful. *See, e.g., id.* at DE #203, #208, #213, #217, #227, #238, #252, #270.

Forbes now seeks relief via § 2241. The petition does not appear to collaterally attack Forbes's underlying convictions or sentence. Rather, Forbes reiterates arguments from a recently-rejected successive § 2255 motion. *See id.* at DE #299. Specifically, Forbes challenges an Immigration Judge's 1999 decision, which ordered him removed from the United States. DE #1 at 9. Forbes argues that he is "actually innocent" of the immigration charges levied against him more than 19 years ago, and he claims that the resulting removal order violates his constitutional rights. *Id.* at 9–11. He also suggests eligibility for cancellation of removal based on the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). DE #1 at 11–12. Forbes further claims that he did not actually commit a deportable offense and argues that he received ineffective assistance of counsel during immigration proceedings. *Id.* at 12–17. Ultimately, Forbes asks this Court to declare his deportation hearing "null and void," remove the immigration detainer lodged against him, order his "alien registration identification card" returned, and reopen his removal proceedings. *Id.* at 17.

Section 2241 contemplates relief if the petitioner's current "custody [is] in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Forbes is currently in the custody of the Bureau of Prisons (BOP) because he was convicted of multiple federal crimes and sentenced to life in prison, not because of his immigration case. Forbes's petition challenges only his immigration proceedings,[1] and he has not here alleged that his *current* custody violates the Constitution or any law of the United States. Consequently, this Court "presently lacks jurisdiction to entertain Petitioner's claims because the petitioner is in the sole custody of the BOP,

---

[1] Forbes does not appear to allege that his immigration detainer has impacted the conditions of his confinement in any way, and, even if such a claim were present, it is outside the purview of § 2241. *See, e.g.*, *Diaz v. Tennessee Bd. of Prob. & Parole*, No. 3:12-CV-00123, 2013 WL 522603, at *6 (M.D. Tenn. Feb. 11, 2013) (collecting cases).

not [the Bureau of Immigration and Customs Enforcement], and therefore Petitioner cannot satisfy the 'in custody' requirement of 28 U.S.C. § 2241(c)." *Delgado v. Booker*, No. 05-cv-453-JBC, 2005 WL 3234330, at *1 (E.D. Ky. Nov. 28, 2005) (citing *Prieto v. Gluch*, 913 F.2d 1159, 1162–64 (6th Cir. 1990)). *See also Terrazas-Sanchez v. Stine*, No. 6:06-cv-434-DCR, 2006 WL 3021172, at *2 (E.D. Ky. Oct. 20, 2006) ("Here, the instant Petitioner has admitted that he is serving a criminal sentence . . . [A]s long as his detention is in service of a valid criminal sentence, his petition [raising immigration-related claims] is premature."); *Bashorun v. Booker*, No. 5:05-cv-234-JMH, 2005 WL 2133599, at *2 (E.D. Ky. Sept. 1, 2005) ("The law is well established that a prisoner cannot challenge an immigration detainer until he has actually passed into INS custody.").[2] Thus, the Court cannot grant the relief Forbes seeks.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Forbes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DE #1).

2. The Court **STRIKES** this matter from its active docket.

3. The Court will enter a corresponding Judgment.

This the 11th day of December, 2018.

Signed By:
*Robert E. Wier* REW
**United States District Judge**

---

[2] Moreover, if or when Forbes does pass into the custody of immigration officials (which is somewhat uncertain given his current life sentence on the underlying criminal convictions), the Respondent would no longer be his custodian.